NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 19-1964

———————

MELISSA JAMES,
On behalf of herself and all others similarly situated,
Appellant

v.

WINDHAM PROFESSIONALS, INC.; JOHN DOES 1-25

———————————

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 2-18-cv-01865
District Judge: The Honorable Esther Salas

———————————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 11, 2020

Before: SMITH, *Chief Judge,* HARDIMAN, and KRAUSE, *Circuit Judges*

(Filed: June 16, 2020)

———————————

OPINION[*]

———————————

HARDIMAN, *Circuit Judge.*

This appeal involves an alleged violation of the Fair Debt Collection Practices

Act, 15 U.S.C. § 1692 *et seq.* Melissa James alleges Windham Professionals, Inc., a debt

———————————

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

collection agency, violated the Act by including language in its debt collection letter that would leave the least sophisticated consumer uncertain about her rights. The District Court dismissed James's suit and she timely appealed.[1]

James originally argued Windham's debt collection letter would confuse the least sophisticated consumer about whether she could dispute the debt in writing or by phone. James concedes this argument (as she must) given our recent decision interpreting § 1692(g) as allowing for both written and oral disputes of debts. *Riccio v. Sentry Credit, Inc.*, 954 F.3d 582 (3d Cir. 2020) (en banc).

James now argues Windham's use of the term "Validation Notification" in the heading contained in the debt collection letter overshadowed the text of the letter such that the least-sophisticated consumer would believe the debt was already deemed valid. We disagree. The least sophisticated consumer standard "presum[es] a basic level of understanding and willingness to read with care on the part of the recipient." *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 299 (3d Cir. 2008) (citations omitted). The first sentence of the challenged notice tells the debtor that Windham *would* assume the debt valid *unless* she disputed its validity within thirty days—effectively mirroring the statutory language. The phrase "Validation Notification" cannot reasonably be understood to mean that the debt was already deemed valid. So we will affirm.

---

[1]The District Court had jurisdiction under 28 U.S.C. § 1331 and we have jurisdiction under 28 U.S.C. § 1291. We review de novo the District Court's order dismissing the case for failure to state a claim. *Trzaska v. L'Oreal USA, Inc.*, 865 F.3d 155, 159 (3rd Cir. 2017).